Tbeat, Justice, delivered the opinion of the 'court: Bod-well, for the use of Parker, instituted an action against Brown in the Winnebago circuit court. The summons was directed to La Salle county, and was there served on Brown. The declaration was in assumpsit. The default of Brown was [* 303] entered, and a writ of inquiry awarded to assess the plaintiff’s damages. Afterwards, and before the execution of the writ of inquiry, Brown appeared and moved the court to dismiss the suit, for want of jurisdiction. The motion was refused. The plaintiff’s damages were assessed to 1301.20, for which amount the court gave judgment. To reverse that judgment, a writ of error is prosecuted. The decision of the circuit court, in refusing to dismiss the suit, i's assigned for error. The error is well' assigned. As a general rule, original process cannot be directed to a different county from that in which the suit is commenced. The statute has exempted a particular class of cases from the operation of this rule. R. L. 145. This court, in the case of Key v. Collins, 1 Scam. 403, has decided in what cases the statute authorizes the process to be issued to a foreign county. The same case decides, that where the process issues to a foreign county, the declaration must contain an averment, showing the case to be within the statute. To the same effect are the cases of Clark v. Harkness, 1 Scam. 56; Gillet v. Stone, 1 Scam. 547; Evans v. Crosier, 1 Scam. 548; Shephard v. Ogden, 2 Scam. 257; and Wakefield v. Goudy, 3 Scam. 133. Where the process goes to a foreign county, the presumption is, that the court has no jurisdiction over the person of the defendant. To rebut this presumption, the averment becomes necessary. In the present case, the declaration contains no averment showing the jurisdiction of the court. It ought to have alleged either, that the cause of action accrued in the county of Winnebago, and that the plaintiff, at the commencement of the suit, resided in that county ; or that the contract on which the action is brought, was by its terms specifically made payable in that county. The plaintiff failing to show the jurisdiction of the court by his declaration, the circuit court ought to have sustained the motion of the defendant, and dismissed the suit. The judgment of the circuit court is reversed with costs. Judgment reversed.